**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Jose Alfredo Serrano-Montano,<br><br>    Defendant. | No.   CR 16-384-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the issue of whether Fed.R.Crim.P. 11 was followed at the Change of Plea proceeding before the magistrate judge and whether the guilty plea of Jose Alfredo Serrano-Montano ("Serrano-Montano") should be vacated for any non-compliance. These issues were raised and argued in Serrano-Montano's Objections to the Pre-Sentence Investigation Report (Docs. 124 and 125), the responses (Docs. 127 and 128), and the replies (Docs. 136 and 137). On May 5, 2017, the parties presented oral argument to the Court as to the issue of whether Serrano-Montano's plea of guilty complied with Fed.R.Crim.P. 11 and the ramifications of any errors or omissions during the change of plea proceeding.

*Factual and Procedural History*

On September 21, 2016, Serrano-Montano was charged by Superceding Indictment with Conspiracy to Possess with Intent to Distribute Marijuana and Possession with Intent to Distribute Marijuana. The Superceding Indictment alleges Serrano-Montano knowingly and intentionally combined, conspired, confederated, and agreed with others "to possess with

intent to distribute 1,000 kilograms or more of marijuana, that is, approximately 2,801 kilograms of marijuana" and knowingly and intentionally "possess[ed] with intent to distribute 1,000 kilograms or more of marijuana[.]" Superceding Indictment (Doc. 65), pp. 1-2.

On November 8, 2016, Serrano-Montano pleaded guilty to the charges in the Superceding Indictment. During the change of plea proceeding, the magistrate judge advised Serrano-Montano that each charge carried a maximum sentence of up to 20 years in prison, a fine up to $1 million, a period of supervised release of at least three years but up to lifetime, and a special assessment of $100. 11/8/16 Transcript (Doc. 110) ("TR"), pp. 5-6. The following occurred:

> THE COURT: All right. Sir, Count 1 of the indictment alleges that beginning at a time unknown and continuing to on or about January 27th near Douglas, Arizona, that you and others did knowingly and intentionally combine, conspire, confederate, and agree with other people named in the indictment and with other persons unknown to the grand jury to possess with intent to distribute 1,000 kilograms of marijuana or more, that is, approximately 2,801 kilograms of marijuana, in violation of law.
>
> Do you understand this charge?
>
> THE DEFENDANT: Yes.
>
> THE COURT: How do you plead to this charge?
>
> THE DEFENDANT: Guilty.
>
> THE COURT: Count 2 alleges that on January 25th, 2016, near Douglas, Arizona, that you did knowingly and intentionally possess with intent to distribute a thousand kilograms or more of marijuana, in violation of law.
>
> Do you understand this charge?
>
> THE DEFENDANT: Yes.
>
> THE COURT: How do you plead to it?
>
> THE DEFENDANT: Guilty.

*Id.* at 8. Further, the government summarized the factual basis:

> MS. DRONZEK: Yes, Your Honor. The case in question, should this case be taken to trial, the government could prove beyond a reasonable doubt that on or about January 25th of 2016, through January 27th, 2016, at or near Skeleton Canyon, which is east of Douglas, in the District of Arizona, this defendant, Jose Alfredo Serrano-Montano, along with additional co-conspirators, were traveling in two quad cab trucks with camper shells and each truck contained marijuana bundles. Together

the bundles of marijuana weighed about 2,801 kilograms. And that this defendant knew the bundles he was transporting contained marijuana. He knew that the bundles inside the other vehicle also contained marijuana.

He had made an agreement with Alberto Alejandro Villalobos-Cheno, Luis Chavez-Drew, and Julio Cesar Vargas-De La Cruz, and other people to transport the marijuana from Mexico into the United States to a location in Tucson where it would be delivered to other unknown individuals. He intended to be paid.

*Id.* at 9. Additionally, the magistrate judge questioned Serrano-Montano regarding the offenses:

> THE COURT: All right. Were you with this group that was bringing marijuana?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And, of course, you were in the vehicle, one of those vehicles; is that correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And the purpose of this, you know, is one of these events where they load up the marijuana in the trucks, drive it across the border, go into the canyons, and come up and try to get it further into the United States. Is that what the idea was?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And that was what you had agreed to participate in with these other people?
>
> THE DEFENDANT: Yes.
>
> * * * * *
>
> THE COURT: Now, the government says that there was about 2,800 -- 2,801 kilograms of marijuana involved in this. Does that sound about right?
>
> THE DEFENDANT: Hiding in the two trucks.
>
> THE COURT: So that's about right, adding both trucks?
>
> THE DEFENDANT: Yes.

*Id.* at 10-11.

*Fed.R.Crim.P. 11 and Requirements for a Plea of Guilty*

Before entering a guilty plea, a defendant must be advised, *inter alia*:

> (F) the defendant's waiver of [] trial rights if the court accepts a plea of guilty or nolo contendere;

(G) the nature of each charge to which the defendant is pleading;

(H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

(I) any mandatory minimum penalty;

\* \* \* \* \*

(M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. §3553(a)[.]

Fed.R.Crim.P. 11(b)(1). Furthermore, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed.R.Crim.P. 11(b)(3).

*Pleading Guilty to a Conspiracy to Distribute a Controlled Substance Offense*

Where a defendant enters a guilty plea, examination of the facts to which the defendant admitted beyond a reasonable doubt is necessary. Indeed, "[i]n assessing the scope of the facts established beyond a reasonable doubt by a guilty plea, [courts] must look at what the defendant actually agreed to – that is, what was actually established beyond a reasonable doubt." *United States v. Banuelos*, 322 F.3d 700, 707 (9th Cir. 2003). Where the offense is that of a conspiracy to distribute a controlled substance, a court's determination of drug quantity attributable to a defendant must be by proof beyond a reasonable doubt. *Id.* at 702; *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Indeed, a "court must find the quantity of drugs that either (1) fell within the scope of the defendant's agreement with his coconspirators or (2) was reasonably foreseeable to the defendant." *United States v. Gutierrez-Hernandez*, 94 F.3d 582, 585 (9th Cir.1996). Further, the *Banuelos* court stated that [t]he court's finding of drug quantity attributable to Banuelos by any standard, without first advising Banuelos that he had a right to jury determination of that fact beyond a reasonable doubt, also violated *Apprendi*." *Id.* at 705 n. 3.

In *Banuelos*, a case relied upon by the defense, the defendant did not "allocute to drug quantity at the change of plea hearing or admit to drug quantity in a written plea agreement." *Id.* The Ninth Circuit remanded the matter for resentencing, with direction that the maximum

possible sentence be reduced because the drug quantity had not been established – a factual basis for only the general crime had been established. *Id*.; *see also United States v. Thomas*, 355 F.3d 1191, 1202 (9th Cir. 2004) (remanding with instructions to resentence the defendant based on an unspecified quantity of cocaine base when the defendant had admitted during the plea colloquy that he knowingly possessed cocaine base with the intent to distribute without admitting to a specific quantity).

Moreover, where it has been established that a defendant is guilty of a conspiracy for an unspecified amount of marijuana, the Ninth Circuit has determined that double jeopardy barred the government from proving the quantity of marijuana beyond a reasonable doubt. *United States v. Velasco-Heredia*, 319 F.3d 1080, 1086-87 (9th Cir.2003). Indeed, the Ninth Circuit has, in referring to *Velasco-Heredia*, stated:

> The drug quantity found at sentencing increased what was otherwise a thirty-seven-to-forty-six month guidelines range and a statutory maximum of five years, to a mandatory five-year sentence and a maximum forty-year sentence. [*Velasco-Heredia*, 319 F.3d at 1083-84. 1086]. We reasoned that therefore "not only was the error not harmless, it was demonstrably harmful." *Id*. at 1086. We found it "too clever by half to permit the government in the guilt phase of a case to prove beyond a reasonable doubt that only one kilogram of marijuana was involved in the offense, and then at sentencing to prove 101 kilograms by a preponderance of the evidence and claim that such a finding . . . requires the maximum sentence of five years." *Id*.

*United States v. Guerrero-Jasso*, 752 F.3d 1186, 1198-200 (9th Cir. 2014).

*Sufficiency of Serrano-Montano's Plea of Guilty*

In his Objection to the PSR (Doc. 125), Serrano-Montano asserts that, during the change of plea proceeding, he was not advised the offense he was pleading guilty to carried a mandatory minimum prison term of ten years and was incorrectly advised as to the maximum period of supervised release. Serrano-Montano also asserts he was not advised the government would have to prove the drug quantity beyond a reasonable doubt. The government agrees that Serrano-Montano was not adequately advised of the maximum penalty that he faced. Because of this, the government asserts the proper remedy is to vacate

the guilty plea and offer Serrano-Montano the choice of again pleading guilty or proceeding to trial. *United States v. Valenzuela-Arisqueta*, 724 F.3d 1290 (9th Cir. 2013).

Indeed, in *Valenzuela-Ariqueta*, after the plea of guilty was accepted by the district judge:

> [t]he district court expressed concern that the guilty plea taken by the magistrate judge did not satisfy the requirements of Federal Rule of Criminal Procedure 11 ("Rule 11") because Valenzuela had not been correctly advised of the maximum possible penalty for the offense for which he was charged. The district court rejected the guilty plea over Valenzuela's counsel's objection. The court found that the plea colloquy was defective because "Valenzuela was not apprised of the maximum penalties which is required under Rule 11."

724 F.3d at 1293 (footnote omitted). The Ninth Circuit Court of Appeals stated, "The district court properly rejected Valenzuela's guilty plea under Rule 11 and offered him the choice of again pleading guilty or proceeding to trial." *Id.* at 1295.

During the change of plea proceeding in this case, the magistrate judge informed Serrano-Montano that the indictment alleged Serrano-Montano did knowingly and intentionally combine, conspire, confederate, and agree with other persons "to possess with intent to distribute 1,000 kilograms of marijuana or more, that is, approximately 2,801 kilograms of marijuana[.]" TR, p. 8. Serrano-Montano stated he understood this. Further, counsel for the government stated, should this matter proceed to trial, the government could prove beyond a reasonable doubt that (1) Serrano-Montano (along with others) traveled in the two trucks, (2) each truck contained marijuana, (3) the quantity of marijuana being transported in the two trucks, (4) the combined weight of the bundles of marijuana was about 2,801 kilograms, (5) Serrano-Montano knew the bundles being transported in both vehicles contained marijuana, (6) Serrano-Montano had an agreement with others to transport the marijuana from Mexico into the United States, where it would be delivered to other unknown individuals, and (7) Serrano-Montano intended to be paid. Serrano-Montano stated he heard what the prosecutor stated the government could prove. It was in this context that Serrano-Montano agreed he was with the group bringing the marijuana, was in one of the vehicles, with the intention to bring the marijuana across the border and try to get it further into the United States, and this is what he had agreed to participate in with the other persons. As

Serrano-Montano stated he heard the summary of the prosecutor, the agreement of Serrano-Montano that this is what he had agreed to participate in necessarily includes the statement by the government that the marijuana weighed about 2801 kilograms. Further, Serrano-Montano agreed with the magistrate judge that there was about 2,800 -- 2,801 kilograms of marijuana hiding in the two trucks. Although Serrano-Montano did not specifically state the quantity of drugs fell within the scope of Serrano-Montano's agreement or was reasonably foreseeable to Serrano-Montano, the Court finds the admissions of Serrano-Montano establish the quantity of marijuana beyond a reasonable doubt.

However, Fed.R.Crim.P. 11(b)(1)(H) requires a defendant entering a guilty plea be advised of "any maximum possible penalty, including imprisonment, fine, and term of supervised release[.]" Serrano-Montano was not advised of the correct possible maximum penalty he faced in this case. "[T]he plea colloquy is designed 'to protect the defendant from an unintelligent or involuntary plea.'" *United States v. Adams*, 432 F.3d 1092, 1096 (9th Cir. 2006) (quoting *Mitchell v. United States*, 526 U.S. 314, 322 (1999)). Here, because Serrano-Montano was not correctly advised of the maximum possible penalty, it cannot be said the plea of guilty was entered into intelligently or voluntarily. As stated in *Valenzuela-Ariquesta*, the proper remedy is to vacate the guilty plea and offer Serrano-Montano the choice of again pleading guilty or proceeding to trial. 724 F.3d at 1295 ("The district court properly rejected Valenzuela's guilty plea under Rule 11 and offered him the choice of again pleading guilty or proceeding to trial."). Therefore, it is appropriate for Serrano-Montano to "have the options of proceeding to trial, pleading guilty, or seeking to negotiate another plea agreement." *Id*. at 1296 (footnote omitted). Further, this is consistent with other circuits. *In re Vasquez-Ramirez*, 443 F.3d 692, 699-700 (9th Cir. 2006) ("In order to safeguard the rights of defendants, Rule 11 strictly confines a judge's ability to accept a guilty plea. Proper operation of these safeguards demands that the judge retain broad discretion to set a guilty plea aside, at least until he has fully discharged his Rule 11 responsibilities." (quoting *United States v. Gomez-Gomez*, 822 F.2d 1008, 1011 (11th Cir.1987). Furthermore, vacation of the guilty plea is also appropriate as Serrano-Montano was not advised the government had

the burden to establish the quantity of drugs beyond a reasonable doubt. *Banuelos,* 322 F.3d at 705 n. 3 (a "court's finding of drug quantity attributable to [a defendant] by any standard, without first advising [defendant] that he had a right to jury determination of that fact beyond a reasonable doubt" violates *Apprendi*).

Additionally, in such circumstances, the Ninth Circuit has determined that a defendant's "constitutional right not be subjected to double jeopardy has not been violated." *Valenzuela-Arisqueta*, 724 F.3d at 1296. The Court will vacate Serrano-Montano's plea of guilty.

*Further Proceedings*

The Court will reset this matter for trial and will remand it to the magistrate judge for further proceedings. It is not clear, however, what provision of the Speedy Trial Act ("STA") would apply in this situation. In some circumstances, the Speedy Trial Act provides for the trial commencing within 70 days from a triggering event. For example, a "defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e); *United States v. Ayika*, 837 F.3d 460, 465 n. 3 (5th Cir. 2016). Additionally:

> If trial did not commence within the time limitation specified in section 3161 because the defendant had entered a plea of guilty or nolo contendere subsequently withdrawn to any or all charges in an indictment or information, the defendant shall be deemed indicted with respect to all charges therein contained within the meaning of section 3161, on the day the order permitting withdrawal of the plea becomes final.

18 U.S.C.A. § 3161(i).

However, the Ninth Circuit has discussed the significance of the specific language included within the STA:

> [18 U.S.C. § 3161(h)(1)(I)] permits exclusion of time resulting from the court's consideration of a proposed plea bargain under Rule 11, Fed.R.Crim.P. It does not state that it applies to cases where a plea is withdrawn in the STA time limits. Nor does it mention withdrawn plea situations. It refers only to delays occasioned by the court's consideration of a proposed plea agreement.

The Ninth Circuit's Speedy Trial Act Guidelines are instructive. The comment to this section says:

> In some courts, when a plea agreement has been reached, the defendant's guilty plea is immediately taken, subject to his right to withdraw it if the court should reject the plea agreement. In such cases, the timely taking of the plea satisfies the time limit to trial. *If the plea is subsequently withdrawn, the new time limit is determined under Section 3161(i).*

Guidelines to the Administration of the Speedy Trial Act of 1974, Comment to Section 3161(h)(1)(I), at 45 (1984) (emphasis added) (Guidelines).

> We find that § 3161(i), rather than § 3161(h)(1)(I), governs this case. The STC started anew when the defendants withdrew their guilty pleas on March 6, 1985. The purpose of § 3161(i) is to prevent defendants from pleading guilty and then withdrawing the plea to thwart the time limit. *United States v. Mack*, 669 F.2d 28, 31-32 (1st Cir.1982). Legislative history makes clear that "where a defendant pleads guilty and then withdraws his plea . . . the time limits commence again on the day the plea is withdrawn." S.Rep. No. 1021, 93rd Cong., 2d Sess. 27 (1974).

*United States v. Carter*, 804 F.2d 508, 512 (9th Cir. 1986) (emphasis in original). Indeed, the First Circuit has recognized that, because a "defendant's request to change his plea clearly constitutes a pretrial motion," the time until that motion is resolved is excluded); *United States v. Santiago-Becerril*, 130 F.3d 11, 20 (1st Cir. 1997).

Here, Serrano-Montano did not request withdrawal of his guilty plea, the plea of guilty has not been withdrawn, and the Court did not reject the change of plea pursuant to Fed.R.Crim.P. 11(c)(3). Rather, the plea is being vacated because Fed.R.Crim.P. 11 provisions were not followed. The Court finds it is not appropriate to restart the speedy trial clock. The Court, therefore, will set a relatively imminent trial date.

Accordingly, IT IS ORDERED:

1. Serrano-Montano's Objection to the Presentence Investigation Report (Doc. 125) is sustained in part and overruled in part.

2. Serrano-Montano's plea of guilty is VACATED.

3. This matter is referred to the magistrate judge for further pre-trial proceedings.

4. This matter is set for trial on June 6, 2017 at 9:30 a.m. Counsel are to be present at 9:00 a.m.

5. The date by which the referred magistrate judge may hear a change of plea must be no later than May 30, 2017, by 3:00 p.m.

6. Excludable delay under 18 U.S.C. §3161(h)(7) is found to commence on October 26, 2016, and end on the date this Order is issued. Such time shall be in addition to other excludable time under the Speedy Trial Act and shall commence as of the day following the day that would otherwise be the last day for commencement of trial.

7. Any motion or stipulation to continue the scheduled trial date and change of plea deadline shall be filed with the Clerk of Court no later than 5:00 p.m., Tuesday, May 30, 2017. Alternatively, by that same deadline, if after consultation between government and defense counsel it is determined that a motion to continue the scheduled trial date and change of plea deadline will not be filed, government counsel shall notify the Court by an email to the chambers email address that the case and counsel are ready to proceed to trial on the scheduled trial date. The notification shall also include the estimated number of trial days needed to complete the trial.

DATED this 26th day of May, 2017.

_____
Cindy K. Jorgenson
United States District Judge